IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **NORA LUZ SERRATO,** | CV 05-481-BR |
| Petitioner, | OPINION AND ORDER |
| v. | |
| **FEDERAL BUREAU OF PRISONS;**<br>**HARRY LAPIN,** Director of Bureau<br>of Prisons; and **ALBERTO GONZALES,**<br>United States Attorney General, | |
| Respondents. | |

**STEVEN T. WAX**
Federal Public Defender
**STEPHEN R. SADY**
Chief Deputy Federal Defender
101 SW Main Street
Suite 1700
Portland, OR  97201
(503) 326-2123

    Attorneys for Petitioner

1 - OPINION AND ORDER

**KARIN J. IMMERGUT**
United States Attorney
**JAMES MAHER**
**PETER D. KEISLER**
**VINCENT M. GARVEY**
Assistant United States Attorneys
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204
(503) 727-1117

      Attorneys for Respondents

**BROWN, Judge.**

This matter comes before the Court on Petitioner Nora Luz Serrato's Petition for Writ of Mandamus and for Declaratory Injunctive Relief (#1); Motion for Preliminary Injunction (#9); Motion to Consolidate (#4) this matter with *United States v. Serrato*, CR 02-26-BR(CV 05-696-BR); Motion to Receive the Declaration of J. Michael Henderson in Support of Standing (#36); and Respondents' Motion to Dismiss (#18).

For the reasons that follow, the Court **DENIES** Serrato's Motion for Preliminary Injunction, **DENIES** Serrato's Motion to Consolidate, **DENIES as moot** Serrato's Motion to Receive the Declaration of J. Michael Henderson in Support of Standing, **GRANTS** Respondents' Motion to Dismiss, and **DISMISSES** with prejudice Serrato's Petition for Writ of Mandamus and for Declaratory Injunctive Relief.

**FACTS**

The Court thoroughly recited the facts relevant to the Petition and the Motions in this matter in its Opinion and Order issued this date in *United States v. Serrato*, CR 02-26-BR (CV 05-696-BR). The Court, therefore, need not repeat the facts here.

**BACKGROUND**

On April 7, 2005, Serrato filed a Petition for Writ of Mandamus and for Declaratory Injunctive Relief in which she seeks injunctive relief on the grounds that Respondents violated her constitutional and statutory rights when they failed to allow her to be eligible for a reduction of her sentence through participation in the Bureau of Prisons (BOP) boot-camp program. Serrato specifically alleges: (1) the BOP's termination of the boot-camp program violates Article I, § 7, of the United States Constitution; (2) the BOP acted beyond its statutory authority when it terminated the boot-camp program; (3) the BOP's termination of the program constituted a substantive rule change subject to notice and comment under the Administrative Procedures Act (APA); and (4) the BOP's failure to allow Serrato to enter the boot-camp program violated the *Ex Post Facto* Clause of the United States Constitution.

Serrato moves the Court: (1) to declare the BOP's

3 - OPINION AND ORDER

termination of the boot-camp program was unlawful, (2) to order the BOP to administer the boot-camp program, and (3) to order the BOP to transfer Serrato to a boot-camp facility.[1]

On May 16, 2005, Respondents filed a Response to Serrato's Petition and Motions in which they contend: (1) Mandamus is not available to Serrato in this case, (2) Serrato does not have standing to bring this action, (3) Serrato failed to exhaust her administrative remedies before filing this matter, and (4) the BOP has authority to cease funding for the boot-camp program.

## **STANDARDS**

I.  **Writ of Mandamus**

The Writ of Mandamus is a "drastic and extraordinary remedy reserved for really extraordinary causes." *Cheney v. United States Dist. Ct. for the Dist. of Columbia*, 124 S. Ct. 2576, 2586 (2004)(internal quotation omitted).

> [T]he Writ is one of the most potent weapons in the judicial arsenal, three conditions must be satisfied before it may issue. **First, the party seeking issuance of the writ must have no other adequate means to attain the relief [s]he desires** – a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process. Second, the petitioner must satisfy the burden of showing that [her] right to issuance of the writ is clear and indisputable. Third, even if the first two prerequisites have

---

[1] Serrato requested the same relief in *United States v. Serrato*, CR 02-26-BR (CV 05-696-BR).

> been met, the issuing court, in the exercise of
> its discretion, must be satisfied that the writ is
> appropriate under the circumstances.

*Id*. at 2587 (internal quotations and citations omitted; emphasis added).

## II. Preliminary Injunction

In the exercise of its discretion, the court may issue a preliminary injunction if the applicant satisfies one of the alternative tests recognized by the Ninth Circuit Court of Appeals. A moving party seeking a preliminary injunction must either:

```
(1) establish
    (a)  he or she "will suffer irreparable injury if
         injunctive relief is not granted";
    (b)  he or she "will probably prevail on the merits";
    (c)  "in balancing the equities," the nonmoving party
         "will not be harmed more than [the moving party]
         is helped by the injunction"; and
    (d)  "granting the injunction is in the public
         interest";
```

or, in the alternative,

```
(2) demonstrate
    (a)  "either a combination of probable success on the
         merits and the possibility of irreparable injury";
                      or
    (b)  "that serious questions are raised and the balance
         of hardships tips sharply in its favor."
```

*Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319 (9th Cir. 1994)(internal quotations and citation omitted; emphasis in original). *See also Barahona-Gomez v. Reno*, 167 F.3d 1228, 1234 (9th Cir. 1999), *op. supplemented on other grounds by* 236 F.3d 1115 (9th Cir. 2001).

5 - OPINION AND ORDER

**III. Motion to Dismiss**

Dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim "is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." *McGary v. City of Portland*, 386 F.3d 1259, 1261 (9th Cir. 2004)(citation omitted).

A court generally must limit its review on a Motion to Dismiss to the contents of the complaint, take all allegations of material fact as true, and view the facts in the light most favorable to the nonmoving party. *Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1998).

In *Parrino v. FHP, Inc.*, 146 F.3d 699 (9th Cir. 1998), however, the court held "a district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." *Id*. at 706. The court noted district courts, when ruling on motions to dismiss, may "consider documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" *Id*. at 705 (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)).

The court extended this premise to allow a court to "apply this rule to documents crucial to the plaintiff's claims, but not explicitly incorporated in his complaint." *Id*. at 706. [S]uch

6 - OPINION AND ORDER

an extension is supported by the policy concern underlying the rule: Preventing plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Id*. (citation omitted).

### **RESPONDENTS' MOTION TO DISMISS SERRATO'S PETITION FOR WRIT OF MANDAMUS**

As noted, a party seeking issuance of a Writ of Mandamus "must have no other adequate means to attain the relief [s]he desires." *Cheney*, 124 S. Ct. at 2587. In *United States v. Serrato*, however, this Court determined Serrato has the opportunity to obtain all of the relief she seeks in her Petition for Writ of Mandamus by filing in her "custodial court" a petition for habeas corpus relief under 28 U.S.C. § 2241. *See United States v. Serrato*, CR 02-26-BR (CV 05-696-BR), Op. and Order issued July 14, 2005. In other words, Serrato has other adequate means to attain the relief she seeks in her Petition for Writ of Mandamus. Accordingly, the Court concludes a Writ of Mandamus is not applicable to Petitioner under these circumstances. The Court, therefore, grants Respondents' Motion to Dismiss.

### **SERRATO'S MOTION FOR PRELIMINARY INJUNCTION**

A party seeking a preliminary injunction must establish a

7 - OPINION AND ORDER

likelihood of success on the merits.  For the reasons noted, the
Court concludes Serrato has not established a likelihood of
success as to a Petition for Writ of Mandamus and for Declaratory
Injunctive Relief.  Accordingly, the Court denies Serrato's
Motion for Preliminary Injunction.


## CONCLUSION

For these reasons, the Court **GRANTS** Respondents' Motion to
Dismiss (#18).  The Court **DENIES** Serrato's Motion for Preliminary
Injunction (#9), **DENIES as moot** Serrato's Motion to Consolidate
(#4) this matter with *United States v. Serrato*, CR 02-26-BR
(CV 05-696-BR), **DENIES as moot** Serrato's Motion to Receive the
Declaration of J. Michael Henderson in Support of Standing (#36).

Accordingly, the Court **DISMISSES with prejudice** Serrato's
Petition for Writ of Mandamus and for Declaratory Injunctive
Relief (#1).

IT IS SO ORDERED.

DATED this 14th day of July, 2005.


/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge


Serrato CV 05-481 O&O.07-14-05.wpd